ELIZABETH CAULFIELD, PROSECUTOR, v. THE MAYOR
AND ALDERMEN OF JERSEY CITY, AND JAMES A.
RADIGAN, COLLECTOR OF TAXES FOR THE CITY OF
JERSEY CITY, DEFENDANTS.

Submitted July 5, 1923—Decided November 15, 1923.

**Sale of Land for Taxes—Martin Act—Accumulation of Taxes
for Many Years—Status of 1920 Sale.**

On *certiorari,* &c.

Before Justices TRENCHARD and PARKER.

For the prosecutor, *Clarence Kelsey.*

For the defendants, *Thomas J. Brogan.*

PER CURIAM.

This writ brings up the proceedings relating to sales for
taxes made by the defendant, one March 22d, 1918, and the
other March 18th, 1920, of the lands of the prosecutor. The
return shows taxes and assessments levied in the years 1893
to 1921, inclusive; a certificate under the sale of March 22d,
1918, to Henry Byrne, free of all encumbrances, except taxes
levied subsequent to December 20th, 1915, assessments sub-
sequent to December 31st, 1911, and all water rents unpaid,
unless the land shall be redeemed, and a covenant to refund
to Byrne the amount paid, $1,807.46, if title prove invalid,
the lands sold were described as "lot No. B-C-D in block No.
1889 on the official assessment map of Jersey City." Follow-
ing this were certain certificates of sale to the "mayor and
aldermen" on March 18th, 1920, of (1) block B, (2) block
C, (3) block D.

It appeared that the situation was this: The taxes upon
the property in question had been allowed to accumulate for
many years. They were then made the subject-matter of a
Martin act report, but as there were no taxes prior to 1891

there was no jurisdiction (*Jersey City* v. *Speer*, 78 *N. J. L.* 34; *affirmed*, 79 *Id.* 598.), and the report was set aside. It seems there were taxes for the years 1893 to 1917, inclusive, besides water rents for the years 1915 to 1917, inclusive, also assessments for street improvements. The city picked out taxes for years 1909 to 1915, inclusive, and some assessments for street improvements, and sold for those to Henry Byrne in 1918 as above set forth. Later, the other. taxes, &c., were gathered up and there was a sale for those in 1920 to what is called in the certificate "mayor and aldermen," but of what is not stated.

While the writ brings up the 1918 sale, the attack upon it is abandoned, and both sides concede that that sale was valid. But the prosecutor says that that sale wiped out all prior taxes, &c., under the rule in *Smith* v. *Specht*, 58 *N. J. Eq.* 47, and *Cahill* v. *Harrison*, 87 *Id.* 528, the prosecutor's purpose being, apparently, to redeem from the 1918 sale, and then hold the land free of all liens embraced in the 1920 sale.

Now we are not at all sure that a redemption would not have the effect of reviving all those liens, but that question is not before us exactly. The prosecutor does not control the 1918 sale, but simply abandons all attack on that and says·if it is good (and he says it is good) it wipes out the 1920 sale. The purchaser may perhaps say that successfully, but how can the owner of the "equity" as we may call it? It may well be that the Tax act was not intended to facilitate the shedding of taxes in that way, but as to that we do not feel called upon to say more at this time.

The prosecutor first attacks the sale of 1920 because taxes on two lots of twenty-five feet each were turned into a sale of three lots each for as much tax as each twenty-five-foot lot. If this is so, and we think it is, it is wrong and the sale cannot stand in view thereof. We do not observe any adequate reply, or indeed any reply at all, to this point on the part of the city, and we think that successful reply cannot be made.

The prosecutor also contends that the sale was made for excessive interest. It seems to be admitted that it was. We

think the city's reply to this objection is ineffective. It is in effect that an owner must tender tax and lawful interest as a condition precedent to attacking a sale for unlawful interest. We think that is unsound.

The prosecutor also attacks the sale because made to "mayor and aldermen." Since that seems to indicate nothing intelligible we think the sale is bad on that account.

We have examined the contention of the city that the writ was barred by lapse of time, but in view of the fact that the sale was made for a lien invalid in law, find no merit in it. *Bounds* v. *Chester Township*, 89 *N. J. L.* 375.

The 1920 sale will be set aside.